O/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 07-1237 DOC                                          Date: September 30, 2008
   Sentence Imposed CR02-0938 DOC

Title: MARK ALAN NYQUIST v. J.L. NORWOOD, Warden

---

DOCKET ENTRY
       [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____ Deputy Clerk: _____

PRESENT:

                     THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                     Not Present
   Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

      NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DENYING PETITION FOR HABEAS CORPUS

       Before the Court is Petitioner, Mark Alan Nyquist's Petition for Writ of Habeas Corpus. The Court considers the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the Petition, the Government's response, Petitioner's Response, and supplemental briefing, and for the following reasons, the Court hereby DENIES the Petition.

## I.    BACKGROUND

       On January 30, 2002, Petitioner was arrested and charged with Using Force and Violence and Inflicting Injury on a Peace Officer by state authorities. Petitioner also had outstanding state charges. These charges were pending when this Court removed Petitioner from state custody.

On December 12, 2002, this Court caused petitioner to be removed to federal custody through a writ of habeas corpus ad prosequendum to stand trial in federal court for his participation in the alleged Aryan Brotherhood RICO Conspiracy. Petitioner pled guilty to the federal charges. On April 25, 2005, the Court sentenced him to 51 months imprisonment, although it did not state whether this sentence was to run concurrently with his prospective state sentence. The Court then remanded Petitioner to state custody.

After returning to state custody, Petitioner pled guilty to state charges. The state court sentenced him on November 17, 2005 to a term of four years. The state court was also silent on whether Petitioner's state sentence was to run concurrently with his then pending federal sentence.

State authorities paroled Petitioner on December 28, 2005, taking into account petitioner's presentence custody. Petitioner was then taken into Federal Bureau of Prisons ("BOP") custody.

BOP indicated that Petitioner's presentence credit would be presumed to apply only to his state sentence, and that his federal sentence was to run consecutively with his state sentence. Specifically, BOP declined to treat the state prison, *nunc pro tunc*, as the place of imprisonment for his federal sentence. Petitioner appealed this decision through the BOP's administrative procedures. On November 15, 2007, BOP sent petitioner a response, indicating that Petitioner was not entitled to have his state and federal sentences run concurrently based on the factors identified at 18 U.S.C. § 3621(b).

Petitioner seeks a writ ordering that his state and federal sentences are to run concurrently, thus giving him credit on his federal sentence for the time period from January 30, 2002 to November 17, 2005, when he was in presentence custody. He also seeks to have the state prison designated, *nunc pro tunc*, as his place of confinement for the federal sentence.

II.  DISCUSSION

Petitioner was under the state's jurisdiction until December 28, 2005. The first sovereign to arrest a defendant retains primary jurisdiction over that defendant until his state term is satisfied. *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). Petitioner was arrested by state authorities on January 30, 2002. He was finally paroled on December 28, 2005.

On December 13, 2002, Petitioner was removed to federal custody based on a writ of habeas corpus ad prosequendum, but this writ did not alter the state's primary jurisdiction. *Id.* A writ of habeas corpus ad prosequendum does not change a prisoner's status. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991). Thus, presentence federal custody pursuant to such a writ is generally applied to the state sentence rather than the federal sentence.

Because state authorities had jurisdiction over Petitioner until December 28, 2005, his federal sentence could not begin until that date unless the sentences were to run concurrently. *See Taylor*, 165 F.3d at 445 (9th Cir. 1998).

A federal sentencing court lacks authority to designate a federal sentence concurrent or consecutive to a state sentence that has not yet been imposed. *United States v. Neely*, 38 F.3d 458, 461 (9th Cir. 1994). *United States v. Clayton*, 927 F.2d 491, 492 (9th Cir. 1991). Petitioner had not been sentenced on his state charges when this Court sentenced him. Thus, the Court could not have sentenced him concurrently with a state sentence, even if it were so inclined.

Further, nothing in the record suggests that a concurrent sentence was appropriate. Petitioner's federal sentence was imposed pursuant to a plea bargain. This bargain was silent as to whether the sentence would be concurrent or consecutive. Accordingly, there could not have been a reasonable expectation that the sentences were to run concurrently. The Court was also silent as to whether the sentence would run concurrently. This silence is presumed to indicate that the Court did not intend the sentences to run concurrently. Likewise, the state court did not express an intent to have the sentences run concurrently. This Court must respect the sovereignty of the state courts and their authority to exercise their sentencing discretion. *Id.* Because the state court did not choose to have the state sentence run concurrently to the federal sentence, it would be inappropriate to retroactively designate the federal sentence as concurrent with the state sentence.

The Court is also prohibited from giving Petitioner presentence credit for time served, where the state court also gives such credit. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit . . . for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.") Petitioner was given presentence credit by the state authorities: he was sentenced on November 17, 2005 and paroled December 28, 2005. Thus, this Court cannot also give him credit to the extent that he received credit from state authorities. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive double credit for his detention time.") Although he was entitled to 477 days of good-time credit based on his time in state custody, this credit does not transfer to federal custody. *See* 18 U.S.C. § 3585(b)(2) (credit for "any time he has spent"); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (BOP entitled to deference under *Chevron*).

Finally, BOP denied Petitioner *nunc pro tunc* designation under 18 U.S.C. § 3621(b). Petitioner raises no argument to plausibly call this decision into question. His claim is, essentially, that this Court's silence created an ambiguity which must be resolved in his favor under the rule of lenity or the Double Jeopardy Clause. Under the rule of lenity, "ambiguous criminal laws [must] be interpreted in favor of the defendant subjected to them." *United States v. Santos*, __ U.S. __, 128 S. Ct. 2020 (2008). Petitioner has not identified any ambiguous statute that was interpreted in favor of the Government. Further, the Double Jeopardy Clause prohibits the Government from twice putting a person in jeopardy for the same crime. U.S. Const. Amend. V (". . . nor shall any person be subject for

the same offence to be twice put in jeopardy of life or limb. . .").  This Clause has no import as Petitioner has not been placed in jeopardy for the same offense twice.  It is unclear what bearing the Clause has on whether or not Petitioner is given *nunc pro tunc* designation.

   Thus, there is no good cause to disturb the discretionary decisions of the state court in sentencing Petitioner to consecutive terms or BOP in denying his request for *nunc pro tunc* designation.

### III. DISPOSITION

   Accordingly, the Petition is hereby DENIED

   The Clerk shall serve this minute order on all parties to the action.